# Exhibit D

RECEIVED
CIRCUIT COURT FOR
BALTIMORE CITY

2011 JUN 29 PM 4: 29

CIVIL DIVISION

| | |
|---|---|
| THE ESTATE OF MIRIAM LOVEMAN, On Behalf Of Itself and All Others Similarly Situated, | § IN THE CIRCUIT COURT § § § FOR |
| c/o Personal Representative Leonard Sollins 10711 Red Run Blvd. Suite 101 Owings Mills, MD 21117 | § BALTIMORE CITY § § § |
| Plaintiff, | § Case No.: § |
| v. | § **CLASS ACTION COMPLAINT** § |
| CONSTELLATION ENERGY GROUP, INCORPORATED | § **JURY TRIAL DEMANDED** § |
| Serve on: | § |
| The Corporation Trust, Inc. 351 West Camden St. Baltimore, MD 21201 | § § § |
| MAYO A. SHATTUCK III, YVES C. DE BALMANN, ANN C. BERZIN, JAMES T. BRADY, JAMES R. CURTIS, FREEMAN A. HRABOWSKI III, NANCY LAMPTON, ROBERT J. LAWLESS, JOHN L. SKOLDS, and MICHAEL D. SULLIVAN | § § § § § § § |
| c/o Constellation Energy Group Inc. The Corporation Trust, Inc. 351 West Camden St. Baltimore, MD 21201 | § § § |
| EXELON CORPORATION | § |
| Serve on: | § |
| John W. Rowe Chairman and CEO 10 S. Dearborn Street, 48th Floor Chicago, IL 60603 | § § § |
| Defendants. | § |

## **COMPLAINT**

Plaintiff, by its attorneys, alleges upon information and belief, except for its own acts, which are alleged on knowledge, as follows:

1. Plaintiff brings this class action on behalf of the public stockholders of Constellation Energy Group, Inc. ("Constellation Energy" or "Company") against Constellation Energy's Board of Directors (the "Board" or the "Individual Defendants") for their breaches of fiduciary duties arising out of their attempt to sell the Company to Exelon Corporation ("Exelon") by means of an unfair process and for an unfair price.

2. Constellation Energy is a leading competitive supplier of power, natural gas and energy products and services for homes and businesses across the continental United States. It owns a diversified fleet of generating units, totaling approximately 12,000 megawatts of generating capacity, and is a leading advocate for clean, environmentally sustainable energy sources, such as solar power and nuclear energy.

3. On April 28, 2011, Exelon and the Company announced a definitive agreement under which Exelon will acquire all of the outstanding shares of Constellation Energy in an all-stock transaction (the "Proposed Transaction"). Under the terms of the Proposed Transaction, Constellation's shareholders will receive 0.930 shares of Exelon common stock in exchange for each share of Constellation common stock. The Proposed Transaction is valued at approximately $7.9 billion in total equity value. The Board has breached their fiduciary duties by agreeing to the Proposed Transaction for grossly inadequate consideration. As described in more detail below, given Constellation Energy's future growth prospects and the small premium received by Constellation Energy shareholders in the Proposed Transaction, the consideration shareholders are to receive is inadequate.

4. The Individual Defendants have breached their fiduciary duties of loyalty, due care, independence, good faith and fair dealing, and Constellation Energy and Exelon have aided and abetted such breaches by Constellation Energy's officers and directors. Plaintiff seeks to enjoin the Proposed Transaction unless and/or until defendants cure their breaches of fiduciary duty.

**PARTIES**

5. Plaintiff is, and has been at all relevant times, the owner of shares of common stock of Constellation Energy.

6. Constellation Energy is a corporation organized and existing under the laws of the State of Maryland. It maintains its principal corporate offices at 100 Constellation Way, Baltimore, MD 21202.

7. Defendant Mayo A. Shattuck III is Chairman, President and CEO of Constellation. Defendant Shattuck has served as a director of Constellation since 1999.

8. Defendant Yves C. de Balmann has served as a director of Constellation Energy since 2003.

9. Defendant Ann C. Berzin has served as a director of Constellation Energy since 2008.

10. Defendant James T. Brady has served as a director of Constellation Energy since 1999.

11. Defendant James R. Curtiss has served as a director of Constellation Energy since 1994.

12. Defendant Freeman A. Hrabowski III has served as a director of Constellation Energy since 1994.

3

13. Defendant Nancy Lampton has served as a director of Constellation Energy since 1994.

14. Defendant Robert J. Lawless has served a director of Constellation Energy since 2002.

15. Defendant John L. Skolds has served as a director of Constellation Energy since 2007.

16. Defendant Michael D. Sullivan has served as a director of Constellation Energy since 1992.

17. Defendants referenced in ¶¶ 7 through 16 are collectively referred to as Individual Defendants and/or the Board. The Individual Defendants as directors and/or officers of Constellation Energy, have a fiduciary relationship with the Company as well as with Plaintiff and the other public shareholders of Constellation Energy and owe them the highest obligations of good faith, fair dealing, loyalty and due care.

18. Defendant Exelon is a Pennsylvania corporation with headquarters located at 10 S. Dearborn Street, 48th Floor, Chicago, IL 60603. Exelon is one of the nation's largest electric utilities with more than $18 billion in annual revenues. Exelon has one of the industry's largest portfolios of electricity generation capacity, with a nationwide reach and strong positions in the Midwest and Mid-Atlantic. Exelon distributes electricity to approximately 5.4 million customers in northern Illinois and southeastern Pennsylvania and natural gas to approximately 490,000 customers in the Philadelphia area.

## JURISDICTION AND VENUE

19. This Court has jurisdiction over Defendants because Constellation Energy is incorporated in the State of Maryland, and thus, Maryland law will apply. Maryland courts are

best suited to interpret Maryland law, and the exercise of jurisdiction by this Maryland Court is permissible under traditional notions of fair play and substantial justice.

20. Venue is proper in this Court because Constellation Energy resides, carries on a regular business, is employed, has its principal office, or habitually engages in a vocation in Baltimore, Maryland (which is also the venue where Constellation Energy's resident agent is located).

## CLASS ACTION ALLEGATIONS

21. Plaintiff brings this action on its own behalf and as a class action on behalf of all owners of Constellation Energy common stock and their successors in interest, except Defendants and their affiliates (the "Class").

22. This action is properly maintainable as a class action for the following reasons:

   (a) the Class is so numerous that joinder of all members is impracticable. As of April 28, 2011, Constellation Energy has approximately 199.81 million shares outstanding.

   (b) questions of law and fact are common to the Class, including, inter alia, the following:

   (i) Have the Individual Defendants breached their fiduciary duties of undivided loyalty, independence, or due care with respect to plaintiff and the other members of the Class in connection with the Proposed Transaction;

   (ii) Have the defendants breached their fiduciary duty to secure and obtain the best price reasonable under the circumstances for the benefit of plaintiff and the other members of the Class in connection with the Proposed Transaction;

5

 (iii) Have the defendants breached any of their other fiduciary duties to plaintiff and the other members of the Class in connection with the Proposed Transaction, including the duties of good faith, diligence, honesty and fair dealing;

 (iv) Have the defendants, in bad faith and for improper motives, impeded or erected barriers to discourage other strategic alternatives including offers from interested parties for the Company or its assets;

 (v) Whether plaintiff and the other members of the Class would be irreparably harmed were the transactions complained of herein consummated.

 (vi) Have Constellation Energy and Exelon aided and abetted the Individual Defendants' breaches of fiduciary duty; and

 (vii) Is the Class entitled to injunctive relief or damages as a result of defendants' wrongful conduct.

(c) Plaintiff is committed to prosecuting this action, is an adequate representative of the Class, and has retained competent counsel experienced in litigation of this nature.

(d) Plaintiff's claims are typical of those of the other members of the Class.

(e) Plaintiff has no interests that are adverse to the Class.

(f) The prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications for individual members of the Class and of establishing incompatible standards of conduct for the party opposing the Class.

(g)     Conflicting adjudications for individual members of the Class might as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

(h)     Plaintiff anticipates that there will be no difficulty in the management of this litigation. A class action is superior to other available methods for the fair and efficient adjudication of this controversy

## FURTHER SUBSTANTIVE ALLEGATIONS

23.     Constellation Energy is a leading competitive supplier of power, natural gas and energy products and services for homes and businesses across the continental United States. The Company owns a diversified fleet of generating units, totaling approximately 12,000 megawatts of generating capacity, and is a leading advocate for clean, environmentally sustainable energy sources, such as solar power and nuclear energy. The Company delivers electricity and natural gas through the Baltimore Gas and Electric Company (BGE), its regulated utility in Central Maryland. A FORTUNE 500 company headquartered in Baltimore, Constellation Energy had revenues of $14.3 billion in 2010.

24.     Constellation is positioned for significant growth. In a February 4, 2011 press release, defendant Shattuck commented on the Company's successful 2010 and expectations for future growth in the years to come. As stated by Shattuck:

> We ended 2010 having completed all of the strategic initiatives we announced at the start of the year, successfully putting our core businesses in a stronger position to operate more efficiently, strengthen existing customer relationships and win new business. We completed our goal of deploying more than $1 billion of cash to acquire strategically located generation assets, including the 2,950-megawatt Boston Generating fleet in New England and the 550-megawatt Colorado Bend Energy Center near Wharton, Texas. Through acquisitions and organic growth, we significantly increased our generation capacity during the year, *laying the foundation for continued growth in our wholesale and retail energy supply*

*businesses* in regions where our load obligations exceed our physical generating capacity.

Our NewEnergy segment maintained its focus on selling customers innovative products and services, such as on-site solar installations. In September, we announced the acquisition of CPower, increasing our managed load response to approximately 1,500 megawatts and making us the second-largest load response provider in competitive commercial and industrial markets. We also made a strategic decision to offer electricity to residential customers in Maryland and New Jersey, growing to more than 80,000 customers by year end.

Baltimore Gas and Electric Company (BGE), our regulated utility, exceeded its targets for safety, customer service and financial performance for the year. In August, BGE received Maryland Public Service Commission (PSC) approval to deploy one of the most ambitious smart grid programs in the nation. When fully implemented, this initiative will lead to improvements in service and reliability, and facilitate expected customer savings of more than $2.5 billion over the life of the program. BGE also received a summary order from the PSC on its combined electric and gas rate filing — the first such filing in more than 17 years. BGE is awaiting receipt of the PSC's comprehensive order detailing its findings.

***Looking ahead, we believe our investments in clean generation, efficiency and new products put us in strong position to benefit as the energy market recovers.***

25. In a press release dated April 28, 2011, the Company announced that it had entered into a merger agreement with Exelon pursuant to which Exelon will acquire all of the outstanding shares of the Company in a stock for stock transaction.

26. Pursuant to the terms of the Proposed Transaction, Constellation Energy's shareholders will receive 0.930 shares of Exelon common stock in exchange for each share of Constellation Energy common stock.

27. Following completion of the Proposed Transaction, Exelon shareholders will own approximately 78 percent of the combined company and Constellation Energy shareholders approximately 22 percent on a fully diluted basis. The combined company will have a 16-member board of directors, 12 members of which will be designated from Exelon's board of directors and four from Constellation Energy's.

28. The resulting company will retain the Exelon name and be headquartered in Chicago. Exelon's power marketing business (Power Team) and Constellation Energy's retail and wholesale business will be consolidated under the Constellation brand and be headquartered in Baltimore. Both companies' renewable energy businesses will also be headquartered in Baltimore, and the three utilities within the new Exelon – BGE, ComEd and PECO – will remain standalone organizations. The market capitalization of the combined company will be $34 billion with an enterprise value of $52 billion.

29. The Proposed Transaction consideration is inadequate. Based on Exelon's closing share price on April 27, 2011, Constellation Energy shareholders would receive a value of $38.59 per share.

30. The Proposed Transaction represents a small premium of just 12.5% based on the $34.30 closing price of Constellation Energy stock the day prior to the announcement of the Proposed Transaction. In addition, the Proposed Transaction consideration fails to adequately compensation Constellation Energy for the successful initiatives the Company instituted in 2010 that has positioned the Company for significant growth.

31. The Company's executive officers and directors have material conflicts of interest and are acting to better their own personal interests through the Proposed Transaction at the expense of the Company's public shareholders. For example, defendant Shattuck will become executive chairman of the combined company. Four members of the Constellation Board, including Shattuck, will serve on the Board of the combined company.

32. Accordingly, Plaintiff seeks injunctive and other equitable relief to prevent the irreparable injury that Company shareholders will continue to suffer absent judicial intervention.

9

## CLAIMS FOR RELIEF

### COUNT I
### Breach of Fiduciary Duties
### (Against All Individual Defendants)

33. Plaintiff repeats all previous allegations as if set forth in full herein.

34. The Individual Defendants have knowingly and recklessly and in bad faith violated fiduciary duties of care, loyalty, good faith, and independence owed to the public shareholders of Constellation Energy and have acted to put their personal interests ahead of the interests of Constellation Energy shareholders.

35. The Individual Defendants have breached their fiduciary duties of loyalty, good faith, and independence owed to the shareholders of Constellation Energy because, among other reasons:

(a) they failed to take steps to maximize the value of Constellation Energy to its public shareholders and took steps to avoid competitive bidding;

(b) they failed to properly value Constellation Energy; and

(c) they ignored or did not protect against the numerous conflicts of interest resulting from the directors' own interrelationships or connection with the Proposed Transaction.

36. As a result of the Individual Defendants' breaches of their fiduciary duties, Plaintiff and the Class will suffer irreparable injury in that they have not and will not receive their fair portion of the value of Constellation Energy's assets and will be prevented from benefiting from a value-maximizing transaction.

37. Unless enjoined by this Court, the Individual Defendants will continue to breach their fiduciary duties owed to Plaintiff and the Class, and may consummate the Proposed Transaction, to the irreparable harm of the Class.

38. Plaintiff and the Class have no adequate remedy at law.

## COUNT II
## Aiding and Abetting
## (Against Constellation Energy and Exelon)

39. Plaintiff repeats all previous allegations as if set forth in full herein.

40. As alleged in more detail above, Defendants Constellation Energy and Exelon have aided and abetted the Individual Defendants' breaches of fiduciary duties.

41. As a result, Plaintiff and the Class members are being harmed.

42. Plaintiff and the Class have no adequate remedy at law.

**WHEREFORE**, Plaintiff demands judgment against defendants jointly and severally, as follows:

(A) declaring this action to be a class action and certifying Plaintiff as the Class representatives and its counsel as Class counsel;

(B) enjoining, preliminarily and permanently, the Proposed Transaction;

(C) in the event that the transaction is consummated prior to the entry of this Court's final judgment, rescinding it or awarding Plaintiff and the Class rescissory damages;

(D) directing that Defendants account to Plaintiff and the other members of the Class for all damages caused by them and account for all profits and any special benefits obtained as a result of their breaches of their fiduciary duties;

(E) awarding Plaintiff the costs of this action, including a reasonable allowance for the fees and expenses of Plaintiff's attorneys and experts; and

(F) granting Plaintiff and the other members of the Class such further relief as the Court deems just and proper.

April 28, 2011

                                              LEVI & KORSINSKY LLP

                                              Donald J. Enright, Esq.
                                              1101 30th Street, NW
                                              Suite 115
                                              Washington, DC 20007
                                              (202) 524-4292

## JURY DEMAND

Plaintiff prays a jury on all issues so triable.

                                              Donald J. Enright

**Certification by signing attorney with out-of-state office (Rule 1-313)**

I, Donald J. Enright, certify on this 28th day of April, 2011, as provided by Rule 1-313 of the Maryland Rules, that I have been admitted to practice law in the State of Maryland.

_____
Donald J. Enright

2011 APR 28 PM 4: 29

Circuit Court for Baltimore City
_____
City or County

## CIVIL - NON-DOMESTIC CASE INFORMATION REPORT

**DIRECTIONS:**
   *Plaintiff: This Information Report must be completed and attached to the complaint filed with the Clerk of Court unless your case is exempted from the requirement by the Chief Judge of the Court of Appeals pursuant to Rule 2-111(a). A copy must be included for each defendant to be served.*
   *Defendant: You must file an Information Report as required by Rule 2-323(h).*
   **THIS INFORMATION REPORT CANNOT BE ACCEPTED AS AN ANSWER OR RESPONSE.**

FORM FILED BY: [X] PLAINTIFF [ ] DEFENDANT    CASE NUMBER _____
                                                                (Clerk to insert)
CASE NAME: The Estate of Miriam Loveman  vs.  Constellation Energy Group, Inc., et al.
               Plaintiff                           Defendant

JURY DEMAND: [X] Yes [ ] No     Anticipated length of trial: ____ hours or  3+  days
RELATED CASE PENDING? [X] Yes [ ] No   If yes, Case #(s), if known: Lon Engel v. Constellation: 24-C-11-003015

Special Requirements? [ ] Interpreter (Please attach Form CC-DC 41)  + Heinmuller v Constellation:
                      [ ] ADA accommodation (Please attach Form CC-DC 49)   24-C-11-003016

### NATURE OF ACTION (CHECK ONE BOX)

**TORTS**
- [ ] Motor Tort
- [ ] Premises Liability
- [ ] Assault & Battery
- [ ] Product Liability
- [ ] Professional Malpractice
- [ ] Wrongful Death
- [ ] Business & Commercial
- [ ] Libel & Slander
- [ ] False Arrest/Imprisonment
- [ ] Nuisance
- [ ] Toxic Torts
- [ ] Fraud
- [ ] Malicious Prosecution
- [ ] Lead Paint
- [ ] Asbestos
- [ ] Other

**LABOR**
- [ ] Workers' Comp.
- [ ] Wrongful Discharge
- [ ] EEO
- [ ] Other _____

**CONTRACTS**
- [ ] Insurance
- [ ] Confessed Judgment
- [ ] Other _____

**REAL PROPERTY**
- [ ] Judicial Sale
- [ ] Condemnation
- [ ] Landlord Tenant
- [ ] Other _____

**OTHER**
- [ ] Civil Rights
- [ ] Environmental
- [ ] ADA
- [X] Other S'holder Action

### DAMAGES/RELIEF

**A. TORTS**
Actual Damages
- [ ] Under $7,500
- [ ] $7,500 - $50,000
- [ ] $50,000 - $100,000
- [ ] Over $100,000

- [ ] Medical Bills  $ _____
- [ ] Property Damages  $ _____
- [ ] Wage Loss  $ _____

**B. CONTRACTS**
- [ ] Under $10,000
- [ ] $10,000 - $20,000
- [ ] Over $20,0000

**C. NONMONETARY**
- [ ] Declaratory Judgment
- [X] Injunction
- [ ] Other _____

### ALTERNATIVE DISPUTE RESOLUTION INFORMATION
Is this case appropriate for referral to an ADR process under Md. Rule 17-101? (Check all that apply)
   A. Mediation [ ] Yes [X] No        C. Settlement Conference [ ] Yes [X] No
   B. Arbitration [ ] Yes [X] No      D. Neutral Evaluation [ ] Yes [X] No

### TRACK REQUEST
*With the exception of Baltimore County and Baltimore City, please fill in the estimated LENGTH OF TRIAL.*
**THIS CASE WILL THEN BE TRACKED ACCORDINGLY.**
   [ ] 1/2 day of trial or less        [ ] 3 days of trial time
   [ ] 1 day of trial time             [ ] More than 3 days of trial time
   [ ] 2 days of trial time

PLEASE SEE PAGE TWO OF THIS FORM FOR INSTRUCTIONS PERTAINING TO THE BUSINESS AND TECHNOLOGY CASE MANAGEMENT PROGRAM AND COMPLEX SCIENCE AND/OR MEDICAL CASE MANAGEMENT PROGRAM (ASTAR), AS WELL AS ADDITIONAL INSTRUCTIONS IF YOU ARE FILING YOUR COMPLAINT IN BALTIMORE CITY, PRINCE GEORGE'S COUNTY, OR BALTIMORE COUNTY.

Date  April 28, 2011      Signature _____

CC/DCM 002 (Rev. 2/2010)        Page 1 of 3

## BUSINESS AND TECHNOLOGY CASE MANAGEMENT PROGRAM

*For all jurisdictions, if Business and Technology track designation under Md. Rule 16-205 is requested, attach a duplicate copy of complaint and check one of the tracks below.*

☐ **Expedited**
Trial within 7 months
of Filing

☒ **Standard**
Trial within 18 months
of Filing

☐ EMERGENCY RELIEF REQUESTED _____

_____   _____
Signature                                                      Date

## COMPLEX SCIENCE AND/OR MEDICAL CASE MANAGEMENT PROGRAM (ASTAR)

*FOR PURPOSES OF POSSIBLE SPECIAL ASSIGNMENT TO AN ASTAR RESOURCE JUDGE under Md. Rule 16-202. Please check the applicable box below and attach a duplicate copy of your complaint.*

☐ Expedited - Trial within 7 months of Filing       ☐ Standard - Trial within 18 months of Filing

**IF YOU ARE FILING YOUR COMPLAINT IN BALTIMORE CITY, PRINCE GEORGE'S COUNTY, OR BALTIMORE COUNTY PLEASE FILL OUT THE APPROPRIATE BOX BELOW.**

### CIRCUIT COURT FOR BALTIMORE CITY (CHECK ONLY ONE)

☐ Expedited            Trial 60 to 120 days from notice. Non-jury matters.

☐ Standard-Short    Trial 210 days.

☒ Standard              Trial 360 days.

☐ Lead Paint           Fill in: Birth Date of youngest plaintiff _____.

☐ Asbestos              Events and deadlines set by individual judge.

☐ Protracted Cases  Complex cases designated by the Administrative Judge.

### CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY

To assist the Court in determining the appropriate Track for this case, check one of the boxes below. This information is <u>not</u> an admission and may not be used for any purpose other than Track Assignment.

☐ Liability is conceded.

☐ Liability is not conceded, but is not seriously in dispute.

☐ Liability is seriously in dispute.

| CIRCUIT COURT FOR BALTIMORE COUNTY ||
|---|---|
| ☐ Expedited (Trial Date-90 days) | Attachment Before Judgment, Declaratory Judgment (Simple), Administrative Appeals, District Court Appeals and Jury Trial Prayers, Guardianship, Injunction, Mandamus. |
| ☐ Standard (Trial Date-240 days) | Condemnation, Confessed Judgments (Vacated), Contract, Employment Related Cases, Fraud and Misrepresentation, International Tort, Motor Tort, Other Personal Injury, Workers' Compensation Cases. |
| ☐ Extended Standard (Trial Date-345 days) | Asbestos, Lender Liability, Professional Malpractice, Serious Motor Tort or Personal Injury Cases (medical expenses and wage loss of $100,000, expert and out-of-state witnesses (parties), and trial of five or more days), State Insolvency. |
| ☐ Complex (Trial Date-450 days) | Class Actions, Designated Toxic Tort, Major Construction Contracts, Major Product Liabilities, Other Complex Cases. |