# Exhibit E

|  |  |
|---|---|
|  | * IN THE |
|  | * CIRCUIT COURT |
| IN RE CONSTELLATION ENERGY GROUP, INCORPORATED SHAREHOLDER LITIGATION | * FOR |
|  | * BALTIMORE CITY, PART 23 |
|  | * Case No. 24-C-11-003015 |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## ORDER

Upon consideration of Plaintiffs Lon Engel and Patricia A. Heinmuller's Motion for Appointment of Lead Counsel (docket # 0002000) filed April 29, 2011, Plaintiffs Argentino and Gordon's Omnibus Opposition to Motions for Appointment of Lead Counsel (docket # 0002004) filed May 24, 2011, Plaintiffs Argentino and Gordon's Amended Motion for Appointment of Co-lead Counsel and Liaison Counsel (docket # 0026000) filed May 23, 2011, Plaintiffs Louisiana Municipal Police Employees Retirement System ("MPERS"), Samuel Montini, W.C. Smith, and John A. Basile's Opposition to Plaintiffs Lon Engel and Patricia A. Heinmuller's Motion for Appointment of Interim Lead Counsel and to the Amended Motion of Plaintiffs Argentino and Gordon for Appointment of Co-Lead and Counsel and Liaison Counsel (docket # 0002005 & # 0002006) filed May 26, 2011, Declaration of Gary E. Mason in Support of Plaintiffs MPERS, Montini, Smith, and Basile's Opposition to Plaintiffs Engel and Heinmuller's Motion for Appointment of Interim Lead Counsel (docket # 0002007) filed May 23, 2011, Plaintiffs Engel's and Heinmuller's Opposition to Plaintiffs MPERS, Montini, Smith, and Basile's Motion to Appoint Lead Plaintiff, Co-Lead Counsel, and Liaison Counsel filed May 23, 2011,[1] Plaintiffs Engel and Heinmuller's Reply to Plaintiffs

---

[1] This Court notes that Plaintiffs' Motion was filed on May 23, 2011, but was not properly docketed.

Argentino and Gordon's Omnibus Opposition to Motions for Appointment of Lead Counsel filed May 31, 2011,[2] Plaintiffs Argentino and Gordon's Reply in Further Support of their Amended Motion for Appointment of Co-Lead Counsel filed May 31, 2011,[3] Plaintiffs Louisiana Municipal Police Employees Retirement System, Samuel Montini, W.C. Smith, and John A. Basile's Notice of Withdrawal of Motion for Appointment of Interim Lead Counsel filed May 31, 2011,[4] Defendants' Statement on Plaintiffs' Motions for Appointment of Lead and Liaison Counsel filed May 27, 2011,[5] Plaintiffs Engel and Heinmuller's Motion for Leave to File a Sur-Reply to Plaintiffs Argentino and Gordon's Reply in Further Support of their Motion for Appointment of Co-Lead Counsel filed June 1, 2011,[6] Plaintiffs Engel and Heinmuller's Sur-Reply to Plaintiffs Argentino and Gordon's Reply in Further Support of Their Amended Motion for Appointment of Co-Lead Counsel attached as Exhibit A to Plaintiffs Engel and Heinmuller's Motion for Leave to File a Sur-Reply, Plaintiffs Engel and Heinmuller's Motion to Shorten the Time to Respond to their Motion for Leave to File a Sur-Reply filed June 1, 2011,[7] and this Court's finding that a hearing will not aid in the decisional process, it is this 1st day of June 2011, by the Circuit Court for Baltimore City, Part 23 hereby

**ORDERED** that Plaintiffs Lon Engel and Patricia A. Heinmuller's Motion for Leave to File a Sur-Reply to Plaintiffs Argentino and Gordon's Reply in Further Support of their Motion for Appointment of Co-Lead Counsel, be and the same, is hereby **GRANTED**; and it is further

---

[2] This Court notes that Plaintiffs' Motion was filed on May 31, 2011, but was not properly docketed.
[3] This Court notes that Plaintiffs' Motion was filed on May 31, 2011, but was not properly docketed.
[4] This Court notes that Plaintiffs' Motion was filed on May 31, 2011, but was not properly docketed.
[5] This Court notes that Plaintiffs' Motion was filed on May 27, 2011, but was not properly docketed.
[6] This Court notes that Plaintiffs' Motion was filed on June 1, 2011, but was not properly docketed.
[7] This Court notes that Plaintiffs' Motion was filed on June 1, 2011, but was not properly docketed.

**ORDERED** that Plaintiffs Lon Engel and Patricia A. Heinmuller's Motion to Shorten the Time to Respond to their Motion for Leave to file Sur-Reply, be and the same, is hereby **DENIED**; and it is further

**ORDERED** that Plaintiffs Lon Engel and Patricia A. Heinmuller's Motion for Appointment of Lead Counsel, be and the same, is hereby **DENIED** for the reasons stated in the accompanying memorandum; and it is further

**ORDERED** that Plaintiffs Louisiana Municipal Police Employees Retirement System, Samuel Montini, W.C. Smith, and John A. Basile's Motion for Appointment of Interim Lead Counsel, be and the same, is hereby **WITHDRAWN**; and it is further

**ORDERED** that Plaintiffs Argentino and Grodon's Amended Motion for Appointment of Co-lead Counsel and Liaison Counsel, be and the same, is hereby **GRANTED** for the reasons stated in the accompanying Memorandum Opinion; and it is further

**ORDERED** that co-lead interim counsel for Plaintiffs in the conduct of the above-captioned consolidated actions are hereby designated as follows:

> **RIGRODSKY & LONG, P.A.**
> Seth D. Rigrodsky, Esq.
> Brian D. Long, Esq.
> 919 N. Market Street, Suite 980
> Wilmington, DE 19801
> Telephone: (302) 295-5310
> Facsimile: (302) 654-7530
>
> **FARUQI & FARUQI, LLP**
> Juan E. Monteverde, Esq.
> 369 Lexington Avenue, 10th Floor
> New York, NY 10017
> Telephone: (212) 983-9330
> Facsimile: (212) 983-9331

and it is further

3

**ORDERED** that interim co-lead counsel shall have the authority to speak for Plaintiffs in all matters regarding pretrial procedure, trial and settlement negotiations, and shall make all work assignments in such a manner as to facilitate the orderly and efficient prosecution of this litigation and to avoid duplicative or unproductive effort; and it is further

**ORDERED** that interim co-lead counsel shall be responsible for coordinating all activities and appearances on behalf of Plaintiffs and for the dissemination of notices and orders of this Court to all Plaintiffs. No motion, request for discovery, or other pretrial or trial proceedings shall be initiated or filed by any Plaintiff except through interim co-lead counsel; and it is further

**ORDERED** that liaison counsel for Plaintiffs in the conduct of the above-captioned consolidated actions is hereby designated as follows:

> **POWERS & FROST, LLP**
> Patrick C. Smith, Esq.
> Michael A. Stodghill, Esq.
> 502 Washington Ave., Suite 200
> Towson, MD 21204-4530
> Telephone: (443) 279-9700
> Facsimile: (443) 279-9704

and it is further

**ORDERED** that Plaintiffs' liaison counsel shall be available and responsible for communications to and from this Court, including distributing orders and other directions from the Court to counsel for all Plaintiffs. Plaintiffs' liaison counsel shall be responsible for creating and maintaining a master service list of all parties and their respective counsel; and it is further

**ORDERED** that Defendants' counsel may rely upon all agreements made with any of Plaintiffs' interim co-lead counsel, or other duly authorized representative of

4

Plaintiffs' co-lead counsel, and such agreements shall be binding on all of the Plaintiffs; and it is further

**ORDERED** that this Order shall apply to each case arising out of the same or substantially same transactions at issue in the above-captioned consolidated cases; and it is further

**ORDERED** that the hearing set in pursuant this Court's Case Management Order No. 1 regarding the motions addressed herein is hereby **VACATED**; and it is further

**ORDERED** that this Order is subject to future modification by this Court.

AUDREY J.S. CARRION
Judge's signature appears on original document

cc:  Charles J. Piven, Esq.
     Yelena Trepetin, Esq.
     Brower Piven, P.C.
     1925 Old Valley Road
     Stevenson, MD 21153
     *Counsel for Plaintiff Lon Engel*

     John B. Isbister, Esq.
     Daniel S. Katz, Esq.
     Tydings & Rosenberg, LLP
     100 E. Pratt Street, 26th Floor
     Baltimore, MD 21202
     *Counsel for Plaintiff Patricia A. Heinmuller,
     Stephen Bushansky, and Marilyn Pill*

     Donald J. Enright, Esq.
     Levi & Korsinsky, LLP
     1101 30th Street, NW
     Suite 115
     Washington, DC 20007
     *Counsel for Plaintiff The Estate of Miriam Loveman*

     Richard M. Volin, Esq.
     Finkelstein & Thompson LLP
     1050 30th Street NW
     Washington, DC 20007
     *Counsel for Plaintiff Deborah Tolchin*

5

Michael A. Stodghill, Esq.
Powers & Frost, LLP
502 Washington Avenue
Suite 200
Towson, MD 21204
*Counsel for Plaintiffs Joann Argentino
and Natalie Gordon*

Gary E. Mason, Esq.
Mason LLP
1625 Massachusetts Avenue
Suite 605
Washington, DC 20036
*Counsel for Plaintiffs Samuel Montini,, W.C. Smith,
John Basile, and Louisiana Municipal Police Retirement System*

James D. Mathias, Esq.
DLA Piper
6225 Smith Avenue
Baltimore, MD 21209-3600
*Counsel for Defendant Constellation Energy, Inc.*

James P. Gillespe, Esq.
Brant Bishop, Esq.
Kirkland & Ellis, LLP
655 Fifteenth Street, N.W.
Washington, D.C. 20005-5793
*Counsel for Defendant Constellation Energy, Inc.*

James J. Shea, Esq.
G. Stewart Webb, Esq.
Venable, LLP
750 E. Pratt Street, Suite 900
Baltimore, MD 21202
*Counsel for Defendants Exelon Corporation and
Bolt Acquisition Corp.*

Matthew R. Kipp, Esq.
Skadden, Arps, Slate, Meagher, & Flom, LLP
155 N. Wacker Drive
Chicago, Illinois 60606
*Counsel for Defendant Exelon Corporation*


Via U.S. Mail and Facsimile

6

|  |  |
|---|---|
| | \* **IN THE** |
| | \* **CIRCUIT COURT** |
| **IN RE CONSTELLATION ENERGY GROUP, INCORPORATED SHAREHOLDER LITIGATION** | \* **FOR** |
| | \* **BALTIMORE CITY, PART 23** |
| | \* **Case No. 24-C-11-003015** |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

This Court responds herein to three separate requests for the appointment of lead counsel in the instant case. Upon consideration of Plaintiffs Lon Engel and Patricia A. Heinmuller's Motion for Appointment of Lead Counsel (docket # 0002000) filed April 29, 2011, Plaintiffs Argentino and Gordon's Omnibus Opposition to Motions for Appointment of Lead Counsel (docket # 0002004) filed May 24, 2011, Plaintiffs Argentino and Gordon's Amended Motion for Appointment of Co-lead Counsel and Liaison Counsel (docket # 0026000) filed May 23, 2011, Plaintiffs Louisiana Municipal Police Employees Retirement System ("MPERS"), Samuel Montini, W.C. Smith, and John A. Basile's Opposition to Plaintiffs Lon Engel and Patricia A. Heinmuller's Motion for Appointment of Interim Lead Counsel and to the Amended Motion of Plaintiffs Argentino and Gordon for Appointment of Co-Lead and Counsel and Liaison Counsel (docket # 0002005 & # 0002006) filed May 26, 2011, Declaration of Gary E. Mason in Support of Plaintiffs MPERS, Montini, Smith, and Basile's Opposition to Plaintiffs Engel and Heinmuller's Motion for Appointment of Interim Lead Counsel (docket # 0002007) filed May 23, 2011, Plaintiffs Engel's and Heinmuller's Opposition to Plaintiffs MPERS, Montini, Smith, and Basile's Motion to Appoint Lead Plaintiff, Co-Lead Counsel, and

Liaison Counsel filed May 23, 2011,[1] Plaintiffs Engel and Heinmuller's Reply to Plaintiffs Argentino and Gordon's Omnibus Opposition to Motions for Appointment of Lead Counsel filed May 31, 2011,[2] Plaintiffs Argentino and Gordon's Reply in Further Support of their Amended Motion for Appointment of Co-Lead Counsel filed May 31, 2011,[3] Plaintiffs Louisiana Municipal Police Employees Retirement System, Samuel Montini, W.C. Smith, and John A. Basile's Notice of Withdrawal of Motion for Appointment of Interim Lead Counsel filed May 31, 2011,[4] Defendants' Statement on Plaintiffs' Motions for Appointment of Lead and Liaison Counsel filed May 27, 2011,[5] Plaintiffs Engel and Heinmuller's Motion for Leave to File a Sur-Reply to Plaintiffs Argentino and Gordon's Reply in Further Support of their Motion for Appointment of Co-Lead Counsel filed June 1, 2011,[6] Plaintiffs Engel and Heinmuller's Sur-Reply to Plaintiffs Argentino and Gordon's Reply in Further Support of Their Amended Motion for Appointment of Co-Lead Counsel attached as Exhibit A to Plaintiffs Engel and Heinmuller's Motion for Leave to File a Sur-Reply, Plaintiffs Engel and Heinmuller's Motion to Shorten the Time to Respond to their Motion for Leave to File a Sur-Reply filed June 1, 2011,[7] and this Court's finding that a hearing will not aid in the decisional process, this Court grants Plaintiffs Engel and Heinmuller's Motion for Leave to File a Sur-Reply to Plaintiffs Argentino and Gordon's Reply in Further Support of their Motion for Appointment of Co-Lead Counsel, denies Plaintiffs Engel and Heinmuller's Motion to Shorten Time to Respond to their Motion for Leave to File a Sur-Reply, denies

---

[1] This Court notes that Plaintiffs' Motion was filed on May 23, 2011, but was not properly docketed.
[2] This Court notes that Plaintiffs' Motion was filed on May 31, 2011, but was not properly docketed.
[3] This Court notes that Plaintiffs' Motion was filed on May 31, 2011, but was not properly docketed.
[4] This Court notes that Plaintiffs' Motion was filed on May 31, 2011, but was not properly docketed.
[5] This Court notes that Plaintiffs' Motion was filed on May 27, 2011, but was not properly docketed.
[6] This Court notes that Plaintiffs' Motion was filed on June 1, 2011, but was not properly docketed.
[7] This Court notes that Plaintiffs' Motion was filed on June 1, 2011, but was not properly docketed.

2

Plaintiffs Engel and Heinmuller's Motion for Appointment of Lead Counsel, <u>withdraws</u> Plaintiffs MPERS, Montini, Smith, and Basile's Motion for Appointment of Interim Lead Counsel, and <u>grants</u> Plaintiffs Argentino and Grodon's Amended Motion for Appointment of Co-lead Counsel and Liaison Counsel.

## I. ANALYSIS

Pursuant to Maryland Rule 2-231(a), the commencement of litigation on behalf of or against a class of parties is appropriate only where "...the representative parties [are able to] ... fairly and adequately protect the interests of the class." To this end, the Court is authorized to "enter appropriate orders ... determining the course of [class action] proceedings or ... dealing with similar procedural matters." Such procedural matters may include the appointment of interim lead counsel to represent the parties prior to certification of the pending litigation as a class action. *See Philip Morris, Inc. v. Angeletti*, 358 Md. 689, 740 (2000).

As the Court of Appeals acknowledged in *Angeletti*, "[t]here is a dearth of authority in Maryland analyzing the specific requirements of Maryland Rule 2-231." *Id.* at 724. Nevertheless, it is clear that the purpose of the "...adequacy of representation prerequisite..." of Md. Rule 2-231(a) is to ensure "...that both the class representatives as well as class counsel are adequate to represent the interests of all class members." *Id.* at 740. Indeed, in *Worsham v. Americor Lending Group, Inc.*, 2008 Md. Cir. Ct. LEXIS 5 (2008), the Circuit Court for Montgomery County noted that the burden is on class counsel to demonstrate that he can fairly and adequately represent the class pursuant to Md. Rule 2-231. *Id.* at *14 (citing *Berger v. Compaq Computer Corp.*, 257 F.3d 475, 481-82 (5th Cir. 2001)).

3

Furthermore, the language of Federal Rule of Civil Procedure 23 ("FRCP"), which is similar in scope and content to Maryland Rule 2-231, is instructive to this Court's analysis. *See id.* at 724 (citing *Garay v. Overholtzer*, 332 Md. 339, 355 (1993)). Under FRCP 23(g)(3), federal courts are expressly authorized to appoint interim lead counsel "...before determining whether to certify the action as a class action." In selecting lead counsel, the courts are required to consider: "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class...." FRCP 23(g)(1)(A). Federal courts may also choose to consider "...any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class...." FRCP 23(g)(1)(B).

The provisions of FRCP 23 are consistent with the limited Maryland Rule 2-231 and the limited Maryland authority defining the standard to be applied in appointing lead counsel. *See, e.g.*, *Angeletti*, 358 Md. at 724; *Worsham*, 2008 Md. Cir. Ct. LEXIS 5, at *14. Indeed, both FRCP 23 and Md. Rule 2-231 place emphasis on the importance of appointing a representative that is well-situated to represent the entire class. Therefore, the Court's determination of an appropriate interim lead counsel in the instant case focuses primarily on the ability of counsel to fairly and adequately represent the members of the class, as measured by the factors elicited in FRCP 23.

However, in appointing an interim lead counsel, this Court is also mindful of its ultimate responsibility to designate a class representative. Indeed, as indicated *supra*, the purpose of Maryland Rule 2-231(a) is to ensure "...that both the class representatives as

4

well as class counsel are adequate to represent the interests of all class members." *Angeletti*, 358 Md. at 740. Therefore, this Court's decision regarding the appointment of interim lead counsel is further informed by its consideration of an appropriate class representative for the instant action. Although Maryland authority is relatively limited on this issue, federal case law is persuasive. *See Angeletti*, 358 Md. at 724; *see also Blades v. Woods*, 107 Md. App. 178, 183-84 (1995).

Under federal law, consolidated class action securities litigation is governed by the Private Securities Litigation Reform Act of 1995 ("PSLRA"). The PSLRA creates a rebuttable presumption that "...the most adequate plaintiff in any private action ... is the person or group of persons that[, among other requirements,] ... has the largest financial interest in the relief sought by the class." *See In re Vicuron Pharmaceuticals, Inc. Securities Litigation*, 225 F.R.D. 508, 510 (2004) (quoting 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)). This Court finds persuasive the PSLRA's admonitions regarding designation of a class representative.

Particularly instructive to this Court is the rationale behind the lead plaintiff requirements of the PSLRA. "As explained in the Conference Committee Report, the PSLRA's 'most adequate plaintiff' provision was enacted to ensure that the selection of lead plaintiff and lead counsel rests on factors other than how quickly a plaintiff has filed a complaint." *In re Vicuron*, 225 F.R.D. at 510. Indeed, in *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308 (2007), the Supreme Court of the United States noted that in enacting the PSLRA, Congress "...aimed to increase the likelihood that institutional investors--parties more likely to balance the interests of the class with the long-term interests of the company [involved in the underlying litigation]--would serve as lead

5

plaintiffs." *Id.* at 320-21. Likewise, in *Zaltzman v. Manugistics Group, Inc.*, 1998 U.S. Dist. LEXIS 22867 (October 8, 1998), the U.S. District Court for the District of Maryland found that "[b]y establishing the class member with the largest financial stake as the presumptive lead plaintiff, Congress hoped to 'encourage the most capable representatives of the plaintiff class to participate in class action litigation and to exercise supervision and control of the lawyers for the class.'" *Id.* at *13 (citing H.R. Conf. Rep. No. 369, 104th Cong., 1st Sess. 2 (1995), reprinted in 1995 U.S.C.C.A.N. 679, 731).

The intent of the U.S. Congress in enacting the PSLRA is consistent with the purpose of Maryland Rule 2-231 to ensure that this Court selects class counsel and class representatives who are best able to fairly and adequately represent all members of the class. *See Worsham v. Americor Lending Group, Inc.*, 2008 Md. Cir. Ct. LEXIS 5, at *14 (2008). Indeed, this Court finds that the class member with the largest financial stake in a given case may often be the member most capable of participating in and managing class action litigation. *See Zaltzman*, 1998 U.S. Dist. LEXIS 22867, at *13. Therefore, although it is not dispositive of this court's decision, this Court considers the stake of the respective class members in making its selection of lead counsel.

In the instant case, this Court finds that all counsel available to serve as interim lead counsel herein are both distinguished and well-qualified. Therefore, this Court's decision is a difficult one. In choosing between the well-qualified candidates available, this Court applies the "adequacy of representation" requirement of Maryland Rule 2-231 in the context of Maryland case law, the factors elicited by FRCP 23, and other persuasive federal authority. This Court also considers, but does not rest its opinion on, the standards to be applied in selecting a class representative for the instant case.

Upon the balance of the aforementioned factors, this Court finds that Seth D. Rigrodsky, Brian D. Long, Rigrodsky & Long, P.A., Juan E. Monteverde, and Faruqi & Faruqi, LLP are best situated to serve as interim co-lead counsel for the plaintiffs herein. This Court further finds that Patrick C. Smith, Michael A. Stodghill, and Powers & Frost, LLP are best situated to serve as interim liaison counsel. In making this determination, this Court finds particularly persuasive the quality and completeness of the Complaints filed on behalf of Plaintiffs Joann Argentino and Natalie Gordon in civil case nos. 24-C-11-003211 and 24-C-11-003212, respectively. This Court finds that said Complaints most fairly and adequately represent the possible causes of action available to the Plaintiffs herein. Furthermore, this Court is mindful of the fact that, in light of Plaintiffs Louisiana Municipal Police Employees Retirement System, Samual Montini, W.C. Smith and John A. Basile's agreement to work cooperatively with Plaintiffs Joann Argentino and Natalie Gordon in the prosecution of this case, the attorneys appointed herein as co-lead counsel and liaison counsel represent the group of plaintiffs with the largest stake in the instant litigation.

This Court finds that Plaintiffs Engel and Heinmuller's Sur-Reply to Plaintiffs Argentino and Gordon's Reply in Further Support of their Motion for Appointment of Co-Lead Counsel, while well-crafted, addresses substantive issues regarding the underlying action that do not affect the Court's analysis herein.

## II. CONCLUSION

For the preceding reasons, this Court appoints Seth D. Rigrodsky, Brian D. Long, Rigrodsky & Long, P.A., Juan E. Monteverde, and Faruqi & Faruqi, LLP to serve as interim co-lead counsel for Plaintiffs in the conduct of the above-consolidated actions,

and Patrick C. Smith, Michael A. Stodghill, and Powers & Frost, LLP as liaison counsel for Plaintiffs in the conduct of the above-consolidated actions. Counsel's respective responsibilities are described in the attached Order.

**ORDERED**, this 1st day of June 2011.

TRUE COPY AUDREY J.S. CARRION
Judge's signature appears on original document

FRANK M. CONAWAY, CLERK

cc:   Charles J. Piven, Esq.
      Yelena Trepetin, Esq.
      Brower Piven, P.C.
      1925 Old Valley Road
      Stevenson, MD 21153
      *Counsel for Plaintiff Lon Engel*

      John B. Isbister, Esq.
      Daniel S. Katz, Esq.
      Tydings & Rosenberg, LLP
      100 E. Pratt Street, 26th Floor
      Baltimore, MD 21202
      *Counsel for Plaintiff Patricia A. Heinmuller,
      Stephen Bushansky, and Marilyn Pill*

      Donald J. Enright, Esq.
      Levi & Korsinsky, LLP
      1101 30th Street, NW
      Suite 115
      Washington, DC 20007
      *Counsel for Plaintiff The Estate of Miriam Loveman*

      Richard M. Volin, Esq.
      Finkelstein & Thompson LLP
      1050 30th Street NW
      Washington, DC 20007
      *Counsel for Plaintiff Deborah Tolchin*

      Michael A. Stodghill, Esq.
      Powers & Frost, LLP
      502 Washington Avenue
      Suite 200
      Towson, MD 21204
      *Counsel for Plaintiffs Joann Argentino
      and Natalie Gordon*

      Gary E. Mason, Esq.
      Mason LLP
      1625 Massachusetts Avenue
      Suite 605

8

Washington, DC 20036
*Counsel for Plaintiffs Samuel Montini, W.C. Smith,*
*John Basile, and Louisiana Municipal Police Retirement System*

James D. Mathias, Esq.
DLA Piper
6225 Smith Avenue
Baltimore, MD 21209-3600
*Counsel for Defendant Constellation Energy, Inc.*

James P. Gillespe, Esq.
Brant Bishop, Esq.
Kirkland & Ellis, LLP
655 Fifteenth Street, N.W.
Washington, D.C. 20005-5793
*Counsel for Defendant Constellation Energy, Inc.*

James J. Shea, Esq.
G. Stewart Webb, Esq.
Venable, LLP
750 E. Pratt Street, Suite 900
Baltimore, MD 21202
*Counsel for Defendants Exelon Corporation and*
*Bolt Acquisition Corp.*

Matthew R. Kipp, Esq.
Skadden, Arps, Slate, Meagher, & Flom, LLP
155 N. Wacker Drive
Chicago, Illinois 60606
*Counsel for Defendant Exelon Corporation*


Via U.S. Mail and Facsimile