# Exhibit G

IN RE CONSTELLATION ENERGY GROUP, INCORPORATED SHAREHOLDER LITIGATION

\* IN THE
\* CIRCUIT COURT
\* FOR
\* BALTIMORE CITY, PART 23
\* Case No.: 24-C-11-003015

## ORDER

Upon consideration of Plaintiffs' Motion for Expedited Discovery (docket # 0045000), filed July 14, 2011, and Defendants' Motion to Stay Discovery in Accordance with the Court's Ruling of May 18, 2011 (docket # 0048000), filed July 28, 2011, it is this 9th day of August 2011, by the Circuit Court for Baltimore City, Part 23 hereby

**ORDERED** that Plaintiffs' Motion for Expedited Discovery, be and the same, is hereby **DENIED**; and it is further

**ORDERED** that Defendants' Motion to Stay Discovery in Accordance with the Court's Ruling of May 18, 2011, be and the same, is hereby **GRANTED**.

AUDREY J.S. CARRION
Judge's signature appears on original document.

CC: Patrick C. Smith, Esq.
DeHay & Elliston, LLP
36 South Charles Street, Suite 1300
Baltimore, MD 21201
*Interim Liaison Counsel for Plaintiffs*

Seth D. Rigrodsky, Esq.
Brian D. Long, Esq.
Rigrodsky & Long, P.A.
919 North Market Street, Suite 980
Wilmington, DE 19801
*Counsel for Plaintiffs*

Juan E. Monteverde, Esq.
Faruqi & Faruqi, LLP
369 Lexington Avenue, 10th Floor
New York, NY 10017
*Interim Counsel for Plaintiffs*

James D. Mathias, Esq.
DLA Piper
6225 Smith Avenue
Baltimore, MD 21209-3600
*Counsel for Defendant Constellation Energy, Inc., Associated Individual Defendants*

Matthew R. Kipp, Esq.
Skadden, Arps, Slate, Meagher, & Flom, LLP
115 N. Wacker Drive
Chicago, Illinois 60606
*Counsel for Defendant Exelon Corporation*

James L. Shea, Esq.
G. Stewart Webb, Esq.
Venable, LLP
750 E. Pratt Street, Suite 900
Baltimore, MD 21202
*Counsel for Defendants Exelon Corp. and Bolt Acquisition Corp.*

Edward P. Welch, Esq.
Skadden, Arps, Slate, Meagher & Flom, LLP
One Rodney Square
P.O. Box 636
Wilmington, DE 19899
*Counsel for Defendants Exelon Corp. and Bolt Acquisition Corp.*

Brant W. Bishop, P.C.
James P. Gillespie, P.C.
Jeffrey Gould, Esq.
Alexandra S. Peurach, Esq.
Kirkland & Ellis, LLP
655 15th Street, N.W., Suite 1200
Washington, DC 20005
*Counsel for Defendants Constellation Energy Group, Inc.*

Via U.S. Mail and Facsimile

2

| | |
|---|---|
| IN RE CONSTELLATION ENERGY GROUP, INCORPORATED SHAREHOLDER LITIGATION | * IN THE <br> * CIRCUIT COURT <br> * FOR <br> * BALTIMORE CITY, PART 23 <br> * Case No.: 24-C-11-003015 |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Upon consideration of Plaintiffs' Motion for Expedited Discovery (docket # 0045000), filed July 14, 2011, Defendants' Motion to Stay Discovery in Accordance with the Court's Ruling of May 18, 2011, (docket # 0048000), filed July 28, 2011, the memorandum attached thereto, and the arguments presented at the hearing on these matters, Plaintiffs' Motion for Expedited Discovery is **DENIED**.

## I. FACTUAL/PROCEDURAL HISTORY

On April 28, 2011, Constellation Energy Group, Incorporated ("Constellation") announced a plan to enter into a Merger Agreement with Exelon Corporation ("Exelon"). Pursuant to the terms of the Agreement, Exelon and its wholly-owned subsidiary Bolt Acquisition Corporation would acquire Constellation in a stock-for-stock transaction by which Constellation shareholders would receive 0.930 shares of Exelon common stock in exchange for each share of Constellation common stock they owned. The transaction is valued at approximately $7.9 billion.

Shortly after the proposed merger was announced, the shareholders of Constellation brought a number of closely-related actions that challenged the terms of the transaction. These actions were combined into the above-captioned consolidated action by this Court's Order of May 19, 2011 (docket # 0002002). On July 14, 2011, Plaintiffs filed their Consolidated

Shareholder Class Action and Derivative Complaint (docket # 0046000) in the instant action. Plaintiffs aver that Constellation, Exelon, and Constellation's Board of Directors ("the Board") acted inconsistently with the interests of Constellation and its shareholders in negotiating the terms of the Merger Agreement, and thereby breached their fiduciary duties to Constellation and Constellation's shareholders.

Plaintiffs filed the instant Motion for Expedited Discovery on July 14, 2011, requesting expedited discovery to prepare for a preliminary injunction hearing. Plaintiffs allege that they will suffer irreparable harm if they are unable to complete discovery prior to the scheduled transaction closing date in early 2012. In particular, Plaintiffs aver that the proxy statement disclosed by Defendants contains material omissions, and that as a result they are unable to fully evaluate the propriety of the proposed transaction. For these and other reasons, Plaintiffs assert that they will suffer irreparable injury if the merger goes forward without increased scrutiny.

Accordingly, Plaintiffs request that this Court grant their Motion for Expedited Discovery, which would allow Plaintiffs to commence discovery of Defendants immediately. Plaintiffs also seek the opportunity to file a motion for preliminary injunction and to have a hearing prior to the consummation of the proposed merger. This Court notes that at the hearing on this matter, Plaintiffs indicated that in the event they are granted expedited discovery, they will need at a minimum Defendants' free cash flow projections, board books, and the minutes of the board meetings. Plaintiffs further emphasize in their argument that depositions may be needed as part of their requested discovery.

In response to Plaintiffs' Motion for Expedited Discovery, Defendants' Motion to Stay Discovery in Accordance with the Court's Ruling of May 18, 2011 (docket # 0048000) asserts that this Court has already addressed the issue of expedited discovery by ordering that no

discovery will commence prior to a ruling on the outstanding dispositive motion. Plaintiffs did not object to this arrangement at the scheduling conference. Defendants also contend that Plaintiffs have failed to articulate that they will suffer irreparable injury if expedited discovery is not granted. Defendants request that this Court deny Plaintiffs' Motion for Expedited Discovery and stay all discovery in this case.

## II. ANALYSIS

Upon consideration of Plaintiffs' Motion for Expedited Discovery and Defendants' Motion to Stay Discovery in Accordance with the Court's Ruling of May 18, 2011, this Court **DENIES** Plaintiffs' Motion for Expedited Discovery, and **GRANTS** Defendants' Motion to Stay Discovery in Accordance with the Court's Ruling of May 18, 2011. This Court concludes that Plaintiffs have not met their burden of showing that they would suffer irreparable harm if they are not granted expedited discovery. Further, Plaintiffs have not demonstrated that they will not have adequate time to conduct discovery in the proper course.

### A. This Court has the authority to grant expedited discovery.

The Maryland Rules govern the scope of discovery that a party may obtain from another party:

> A party may obtain discovery regarding any matter that is not privileged, including the existence, description, nature, custody, condition, and location of any documents, electronically stored information, and tangible things and the identity and location of persons having knowledge of any discoverable matter, if the matter sought is relevant to the subject matter involved in the action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party.

Md. Rule § 2-402. Pursuant to Md. Rule 2-401 this Court can specify a time for discovery to take place in a case, as it sees necessary:

> Unless the court orders otherwise, methods of discovery may be used in any sequence and the fact that a party is conducting discovery, whether by deposition

3

or otherwise, shall not operate to delay any other party's discovery. The court may at any time order that discovery be completed by a specified date or time, which shall be a reasonable time after the action is at issue.

Md. Rule § 2-401(b). Indeed, "[t]rial judges are vested with a reasonable, sound discretion in applying [the discovery rules], which discretion will not be disturbed in the absence of a showing of its abuse.'" *Falik v. Hornage*, 991 A.2d 1234, 1246 (Md. 2010) (citing *E.I. du Pont de Nemours & Co. v. Forma-Pack, Inc.*, 718 A.2d 1129, 1133–34 (Md. 1998)). Thus, this Court may order that discovery commence at any time, and this Court's discretion in setting a timeline for discovery in the instant matter will not be disturbed absent a showing of abuse. This Court recognizes that discovery is not automatically stayed because there is a motion to dismiss pending. *Coca-Cola Bottling Co. of Lehigh Valley v. Grol*, No. 92-7061, 1993 WL 13139559, at *6 (E.D. Pa. Mar. 9, 1993).

### B. Plaintiffs did not show good cause by presenting a colorable claim of irreparable harm sufficient for this Court to grant expedited discovery.

Expedited discovery is not the normal procedure, and granting of expedited discovery requires a showing of good cause. *Jasinover v. Rouse Co.*, No. 13-C-04-59594, 2004 WL 2747382, at *2 (Md. Cir. Ct. Oct. 25, 2004). In an action for expedited discovery, the plaintiff has the burden of showing that expedited discovery is necessary and that there is good cause for granting it. *Greenfield v. Caporella*, 1986 WL 13977, at *2 (Del. Ch. Dec. 3, 1986). The plaintiff must show that expedited discovery is necessary and material by: (1) pleading a colorable claim of irreparable injury, and (2) demonstrating that there is a "need for careful judicial scrutiny and oversight to ensure that steps of supposed expedition are legitimate and necessary prior to a court ordering a regimen on litigants that departs from normal procedure." *Jasinover*, 2004 WL 2747382, at *2. Because courts have routinely held that extra details are unnecessary and immaterial as a matter of law for a shareholder to make a fair and informed

4

decision whether to approve a recommended transaction, a plaintiff's burden of demonstrating a need for this sort of information is particularly heavy. *In re Nationwide Health Properties, Inc. S'holder Litig.*, No. 24-C-11-001476, slip op. at 39-45 (Balt. City Cir. Ct. May 27, 2011).

Indeed, the Delaware Court of Chancery, which regularly deals with corporate transactions, has held that it will grant expedited discovery in only those cases where there is a showing of good cause. *Boland v. Boland*, 5 A.3d 106, (Md. Ct. Spec. App. 2010) (noting that the Delaware Court of Chancery "is widely recognized as the nation's preeminent forum for the determination of disputes involving the internal affairs of the thousands upon thousands of Delaware corporations and other business entities through which a vast amount of the world's commercial affairs is conducted. Its unique competence in and exposure to the issues of business law are unmatched"). This Court's position is exemplified by its holding in *In re International Jensen Shareholders Litigation*:

> a party's request to schedule an application for a preliminary injunction, and to expedite the discovery related thereto, is normally routinely granted. Exceptions to that norm are rare. A paradigm exception, however, arises where the moving papers fail to articulate a colorable claim of irreparable harm and any wrongful conduct can be adequately remedied by a money damages award.

*In re Intl Jensen S'holders Litig.*, Consol. C. A. No. 14992, 1996 WL 422345, at *1-2 (Del. Ch. July 13, 1996).[1] Because of its familiarity with the subject matter at issue herein, this Court finds the Delaware Court of Chancery's position persuasive.

---

[1] Although *Jensen* indicates that if plaintiffs can show good cause for expedited discovery, it should be granted, the court denied expedited discovery. In the case, the plaintiffs alleged that the defendants breached their fiduciary duties of loyalty and care by failing to consider another transaction where a competing bidder was willing to pay $1 more per stock in a potential merger. The court determined that the plaintiffs did not sufficiently show that they would suffer irreparable harm if expedited discovery was not granted, stating "plaintiffs make no claim or showing that the defendants would be unable to respond to a $2.1 million money judgment, there is no reason-equitable or economic-to subject the defendants to the expense and disruption of an expedited preliminary injunction proceeding." *In re Intl Jensen S'holders Litig.*, Consol. C. A. No. 14992, 1996 WL 422345, at *1-2 (Del. Ch. July 13, 1996).

5

Therefore, this Court seeks to determine whether Plaintiffs have shown irreparable harm in the instant action. Irreparable harm is harm beyond that which can be compensated by monetary damages. *Alpha Builders, Inc. v. Sullivan*, C.A. No. 698-N, 2004 WL 2694917, at *19 (Del. Ch. Nov. 5, 2004) (the plaintiff's allegation that defendants would not have sufficient assets to pay a future monetary award absent any actual evidence is "mere speculation [which] is not sufficient to support a finding of irreparable harm.") Such harm "must be of such a nature that no fair and reasonable redress may be had in a court of law and that to refuse the injunction would be a denial of justice." *State v. Del. State Educ. Ass'n*, 326 A.2d 868, 875 (Del. Ch. 1974). Thus, when monetary damages are able to adequately compensate the plaintiff, there is no need for expedited discovery. *Foster v. Town and Country Trust*, No. 24-C-06-001442, 2006 WL 991000, at *2 (Md. Cir. Ct. 2006). For example, "shareholders would suffer irreparable harm only were they to be forced to vote without knowledge of the material facts relating to the structure of bankers fees and, most importantly, their entitlement to appraisal rights under the transaction as it is presently constructed." *La. Mun. Police Exmployees' Ret. Sys. v. Crawford*, 918 A.2d 1172, 1192 (Del. Ch. 2007).

Indeed, courts have indicated that the irreparable harm must be sufficient to justify the extra costs associated with expedited discovery, such as preparing for an expedited preliminary injunction hearing. *Giammargor v. Snapple Beverage Corp.*, Civ. A. No. 13845, 1994 WL 672698, at *2 (Del. Ch. Nov. 15, 1994) (discussing a case where the plaintiffs were asserting that defendants were making side-deals prior to a potential merger). In the instant case, Plaintiffs have not sufficiently articulated a colorable claim showing that the extra details not contained in the proxy statement are necessary and material for the shareholders to make a fair and informed decision regarding the proposed merger transaction.

### III. CONCLUSION

For the reasons set forth above, this Court concludes that Plaintiffs have not sufficiently shown that they will suffer irreparable harm if discovery is conducted in the proper course. Therefore, Plaintiffs' Motion for Expedited Discovery is **DENIED**, and Defendants' Motion to Stay Discovery in Accordance with the Court's Ruling of May 18, 2011, be and the same, is hereby **GRANTED**.

**ORDERED**, this 9th day of August, 2011.

TRUE COPY
AUDREY J.S. CARRION
Judge's signature appears on original document
Case No.: 24-C-11-003015

CC: Patrick C. Smith, Esq.
DeHay & Elliston, LLP
36 South Charles Street, Suite 1300
Baltimore, MD 21201
*Interim Liaison Counsel for Plaintiffs*

Seth D. Rigrodsky, Esq.
Brian D. Long, Esq.
Rigrodsky & Long, P.A.
919 North Market Street, Suite 980
Wilmington, DE 19801
*Counsel for Plaintiffs*

Juan E. Monteverde, Esq.
Faruqi & Faruqi, LLP
369 Lexington Avenue, 10th Floor
New York, NY 10017
*Interim Counsel for Plaintiffs*

James D. Mathias, Esq.
DLA Piper
6225 Smith Avenue
Baltimore, MD 21209-3600
*Counsel for Defendant Constellation Energy, Inc., Associated Individual Defendants*

Matthew R. Kipp, Esq.
Skadden, Arps, Slate, Meagher, & Flom, LLP

7

115 N. Wacker Drive
Chicago, Illinois 60606
*Counsel for Defendant Exelon Corporation*

James L. Shea, Esq.
G. Stewart Webb, Esq.
Venable, LLP
750 E. Pratt Street, Suite 900
Baltimore, MD 21202
*Counsel for Defendants Exelon Corp. and Bolt Acquisition Corp.*

Edward P. Welch, Esq.
Skadden, Arps, Slate, Meagher & Flom, LLP
One Rodney Square
P.O. Box 636
Wilmington, DE 19899
*Counsel for Defendants Exelon Corp. and Bolt Acquisition Corp.*

Brant W. Bishop, P.C.
James P. Gillespie, P.C.
Jeffrey Gould, Esq.
Alexandra S. Peurach, Esq.
Kirkland & Ellis, LLP
655 15th Street, N.W., Suite 1200
Washington, DC 20005
*Counsel for Defendants Constellation Energy Group, Inc.*

Via U.S. Mail and Facsimile