# Exhibit J

1

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| SHULY COHEN, individually and on behalf of all others similarly situated, | Civil Action No. 1:10cv237 |
| Plaintiff, | |
| vs. | Alexandria, Virginia<br>April 30, 2010<br>10:40 a.m. |
| LEE HILLMAN; PETER AQUINO; JOSE CECIN, JR.; BENJAMIN DUSTER IV; DANIEL TSEUNG; CHARLES LEVINE; CASIMER SKRZYPCZAK; KURT CELLAR; RCN CORPORATION; YANKEE CABLE ACQUISITION, LLC; YANKEE METRO PARENT, INC.; and YANKEE METRO MERGER SUB, INC., | |
| Defendants. | |

TRANSCRIPT OF MOTIONS HEARING
BEFORE THE HONORABLE LEONIE M. BRINKEMA
UNITED STATES DISTRICT JUDGE

APPEARANCES:

FOR THE PLAINTIFF:       ERIC M. ANDERSEN, ESQ.
                         Levi & Korsinsky, LLP
                         30 Broad Street, 15th Floor
                         New York, NY 10004


FOR THE RCN DEFENDANTS:  MICHAEL K. LOWMAN, ESQ.
                         Jenner & Block LLP
                         1099 New York Avenue, N.W.
                         Suite 900
                         Washington, D.C. 20001


(APPEARANCES CONT'D. ON FOLLOWING PAGE)

(Pages 1 - 16)

COMPUTERIZED TRANSCRIPTION OF STENOGRAPHIC NOTES

Case 1:10-cv-00237-LMB-TCB Document 56 Filed 05/03/10 Page 14 of 16 PageID# 1778
Case 1:11-cv-02165-WDQ Document 11-12 Filed 09/07/11 Page 3 of 4

14

1     THE COURT: All right. Well, I've looked at this case.
2  I've looked at the amended complaint in Delaware. There is
3  significant overlap between the essence of both cases. There may
4  be a few extra, you know, federal claims in this case, but the
5  heart and soul of both pieces of litigation is the same.
6     I'm completely dissatisfied that there's any proper
7  record at this point that this plaintiff could possibly be a
8  proper class representative. Again, usually in these class action
9  security cases, that's one of the first issues we have is we --
10 and we usually have competing classes of shareholders, but this
11 case is particularly problematic, because under the new standards
12 for preliminary injunctive relief, plaintiff is not able to make
13 all four of the requirements, and the balance of harms, frankly, I
14 think if one were to use the old *Blackwelder* fashion, would most
15 likely tip in favor of the defendants, not the plaintiff in this
16 case, because of the timing of this transaction, the reality of
17 the current economy, some of the representations made by
18 Mr. Lowman, including the fact that this is a cash settlement,
19 there are no warrants or any of these types of paper things that
20 are often given in these types of transactions, that the
21 shareholders are guaranteed $15 in cash if this deal goes through
22 with, as I understand it, no strings unless I misunderstand the
23 essence of the acquisition.
24    MR. LOWMAN: No, Your Honor. And that is one of the
25 things that the board and the special committee who considered

Case 1:10-cv-00237-LMB -TCB   Document 56    Filed 05/03/10   Page 15 of 16 PageID# 1779
Case 1:11-cv-02165-WDQ   Document 11-12   Filed 09/07/11   Page 4 of 4

15

1  this really dwelled on is, you know, they weren't getting
2  securities, they weren't getting promises of future value.  It was
3  cash on the barrelhead, and that was a, it weighed heavily upon
4  the factor in the analysis of this merger, Your Honor.
5             THE COURT:  All right.  So, I mean, clearly under the
6  kinds of balancing that we still do in a -- or evaluation that we
7  still do in a request for preliminary injunction, it's just not
8  there.  Moreover, the argument about staying the case makes
9  absolutely good sense.  This Court is very conservative when it
10 comes to using judicial resources when there's parallel litigation
11 going on.
12            The Delaware case is ahead of this case, does address
13 the core issues that are at issue in this case, and that case
14 ought to be allowed to go forward.  So I am going to grant the
15 motion to stay, although, frankly, a motion to dismiss wasn't far
16 away from my thinking, but I think that was all that was being
17 requested, so I'm going to grant the stay at this point, deny the
18 motion for preliminary injunction as well as the motion for
19 expedited discovery.
20            I'll direct the clerk to remove this case from the
21 active docket of the Court and direct counsel to keep us posted as
22 to, No. 1, the progress in Delaware and also your evaluation as to
23 whether the case should even remain on the docket.  Thank you.
24            MR. LOWMAN:  Thank you, Your Honor.
25            MR. TUMILTY:  Thank you, Your Honor.